**Russell STINNETT, Plaintiff—Appellee,**

v.

**FALLON COUNTY, MONTANA, Defendant,**

and

**John Houtz;  John Huntley, Defendants—Appellants.**

**No. 02–35485.**

**D.C. No. CV–99–00154–BLG.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided Aug. 5, 2003.

---

Before LAY,[*] GOODWIN, and GOULD, Circuit Judges.

## MEMORANDUM[**]

Fallon County Attorney John Huntley and special prosecutor John Houtz bring this interlocutory appeal from the denial of their motion for summary judgment on absolute and qualified immunity grounds. We affirm in part and reverse in part. Because the facts of this case are known to the parties, we do not recite them here except as necessary to explain our decision.

## I. Absolute Immunity

■ Russell Stinnett seeks to hold Houtz liable for falsely attesting, in two motions and affidavits, to facts he had purportedly learned while investigating Stinnett in considering whether to charge him with numerous criminal law violations. Houtz is not entitled to absolute immunity for this conduct. *See Kalina v. Fletcher*, 522 U.S. 118, 129–30, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Houtz is, however, entitled to absolute immunity for his "determination that the evidence was sufficiently strong to justify a probable-cause finding" and his "decision to file charges" against Stinnett. *See id.*

■ Unlike Houtz, Huntley did not personally attest to any facts as a complaining witness. The record on summary judgment establishes that Huntley participated in the investigation of Stinnett by: (1) hiring Houtz "to investigate and possibly prosecute" Stinnett; (2) performing initial interviews of witnesses before any probable cause could have been established; (3) communicating regularly with Houtz in the course of what appeared to be a joint investigation, with Houtz performing the bulk of the leg-work and Huntley performing more administrative-type duties; and (4) sharing information he obtained with Houtz. This conduct tends to establish that Huntley performed both administrative and investigative functions before any probable cause to bring criminal charges against Stinnett could have been established. He is not absolutely immune from liability for this conduct. *See Burns v. Reed*, 500 U.S. 478, 493, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003). Like Houtz, Huntley is, however, entitled to absolute immunity for any role he played in the decision to file charging documents against Stinnett.

## II. Qualified Immunity

We first note that our appellate jurisdiction in reviewing the denial of a motion for summary judgment on qualified immunity grounds

> generally is limited to questions of law and does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact. Where disputed facts exist, however, we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct.

*Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001) (interpreting *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), as limited by *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).

---

[*] The Honorable Donald Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Houtz and Huntley are entitled to qualified immunity unless: (1) taking the facts in the light most favorable to Stinnett, they violated his constitutional rights; and (2) those rights were clearly established. *See Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "If the law did not put [Houtz and Huntley] on notice that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *See id.* at 202. "[Stinnett] bears the burden of showing that the right at issue was clearly established...." *See Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002).

### A. Deliberate-fabrication-of-evidence claim

We have held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *See Devereaux v. Abbey,* 263 F.3d 1070, 1074–75 (9th Cir.2001). The only question here is whether, taking Stinnett's version of the facts as true, Houtz or Huntley violated this right.

■ Stinnett asserts that Houtz intentionally fabricated and omitted material facts in his motions and affidavits in support of two separate informations; he does not argue that Houtz, or Huntley for that matter, employed improper investigatory techniques. *See* Appellee's brief at 38–39. We first assume, without deciding, that material *omissions* in an affidavit can constitute deliberate *fabrication* of evidence under *Devereaux*, and note that, in any case, such omissions might also be actionable under a judicial deception theory, a closely analogous due process claim. *See Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir.2002). Taking all of the alleged material omissions of fact together with the alleged fabricated facts,

we cannot conclude on this interlocutory appeal that the magistrate erred in denying Houtz' motion for qualified immunity on this claim at the summary judgment stage.

■ We conclude, however, that Huntley is entitled to qualified immunity on this claim. Stinnett does not assert that Huntley himself deliberately fabricated any facts against him. *See* Appellee's brief at 38–41. Taking the magistrate's finding that Huntley worked "hand in glove" with Houtz as true does nothing to establish section 1983 liability against Huntley. *See, e.g., Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). Huntley cannot be held liable for Houtz' conduct; to survive Huntley's claim to qualified immunity Stinnett must point to something that Huntley personally did to violate his clearly established federal rights. Because he has not done so, we reverse the denial of Huntley's motion for qualified immunity on this claim.

### B. Fourth Amendment claim

Stinnett argues that Houtz and Huntley violated his clearly established Fourth Amendment right against unreasonable seizure when, following his voluntary appearance before the state court in response to a summons on the charges in the first information, the court released him on the condition that he "not leave the State of Montana without prior written permission of the Court." We need not decide whether this asserted Fourth Amendment right was clearly established at the time of the challenged conduct. Assuming that Stinnett's version of the facts are true, he has not established that either Houtz or

Huntley engaged in conduct not protected by absolute immunity that caused the travel restrictions.

In light of Stinnett's theories of liability in this case, and given that Houtz and Huntley are absolutely immune for their decision to file criminal charges against Stinnett, any liability for violation of his Fourth Amendment rights can only be derivative of the deliberate-fabrication-of-evidence claim. Because Huntley is entitled to qualified immunity against that claim, he is also entitled to qualified immunity on the Fourth Amendment claim.

■ Assuming the Fourth Amendment right at issue was clearly established, Houtz's liability turns on whether, taking Stinnett's allegations as true, he caused any violation of that right by deliberate fabrication or omission of material facts. The travel restrictions were imposed on the basis of six charges in the first information: assault (count 1); intimidation (count 2); unlawful restraint (count 3); official misconduct (count 4); tampering with witnesses (count 6); and mistreating prisoners (count 7).[1] With respect to counts 1 through 4, Stinnett asserts only that Houtz failed to inform the court in the first motion and affidavit, which was filed as a single document, that as a police officer effecting an arrest, Stinnett had the right to arrest and use reasonable force as a matter of law, and that Houtz falsely asserted that the facts alleged supported the elements of the offenses. This alleged fabricated or omitted information, however, entails only conclusions of law given by Houtz as an attorney advocating for the state in the "motion" portion of this "mo-

tion and affidavit," not assertions of fact given by a complaining witness, and are thus protected by absolute immunity. *See Kalina*, 522 U.S. at 129–131. That the motion and affidavit is a poorly drafted document with tenuous legal conclusions does not change this result. *See generally Broam*, 320 F.3d at 1029–30 (collecting cases).

Stinnett alleges *factual* fabrications or omissions in the first motion and affidavit only with respect to counts 6 and 7. We do not consider those alleged fabricated or omitted facts, because, as discussed above, Stinnett fails to point to any deliberate fabrications or omissions of fact with respect to counts 1 through 4. Given that the state court found probable cause on those counts, those counts would have independently resulted in the travel restrictions notwithstanding any fabricated or omitted facts in support of counts 6 and 7.

In sum, taking Stinnett's allegations with respect to Houtz' deliberate fabrication or omission of material facts in the first motion and affidavit as true, we conclude that they were not the cause of any Fourth Amendment violation. We, therefore, reverse the denial of Houtz' motion for summary judgment on qualified immunity grounds for this claim.

III. Conclusion

Recognizing that Houtz and Huntley are entitled to absolute immunity for their decision to file charges against Stinnett, we AFFIRM the denial of their motion for absolute immunity for their pre-filing in-

---

1. The first motion and affidavit sought to charge Stinnett with eight counts, but the state court struck counts 5 and 8 for lack of probable cause. Those counts thus did not cause the travel restrictions and are now moot. We also note that the alleged fabricat- ed or omitted facts in the second motion and affidavit are not relevant to our inquiry on the Fourth Amendment claim as the travel restrictions were imposed only on the basis of the first motion and affidavit.

vestigation[2] of Stinnett and for Houtz' attestation to facts in his affidavits in support of the informations. We also AFFIRM the denial of Houtz' motion for qualified immunity on the deliberate-fabrication-of-evidence claim, but REVERSE the denial of his motion for qualified immunity on the Fourth Amendment claim. Finally, we REVERSE the denial of Huntley's motion for qualified immunity on both the deliberate-fabrication-of-evidence and Fourth Amendment claims.

AFFIRMED in part and REVERSED in part. Neither party shall recover costs on appeal.

2. Our conclusion that Houtz and Huntley are not entitled to absolute immunity for their pre-filing investigation of Stinnett does little for Stinnett's section 1983 action, because he does not seek to hold them liable for their investigation, but only for causing him to face charges by including deliberately fabricated facts in the motions and affidavits. *See* Appellee's brief at 38–39.